IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSÉ D. MEDRANO,**

        Plaintiff,

vs.                           No. 11 cv742

**UNITED STATES OF AMERICA,**
DEPARTMENT OF JUSTICE,
BUREAU OF PRISONS,

and

**LUZ LUJAN-GONZALEZ,** in her
Official capacity as an employee of
The United States of America,
Department of Justice, Bureau of
Prisons,

        Defendants.

## COMPLAINT PURSUANT TO THE FEDERAL TORT CLAIMS ACT FOR NEGLIGENT OPERATION OF A MOTOR VEHICLE BY A GOVERNMENT EMPLOYEE

**JOSÉ D. MEDRANO,** Plaintiff herein, by and through his attorney, Santiago E. Juárez, for his Complaint states as follows:

### PARTIES

1. JOSÉ D. MEDRANO, Plaintiff herein, is an adult resident of the federal judicial district of New Mexico;

2. The UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, BUREAU OF PRISONS, is a governmental subdivision of the United States of America;

## JURISDICTION AND VENUE

3. The acts and omissions complained of herein occurred within the geographical boundaries of the federal judicial District of New Mexico;

4. The claims brought herein are brought pursuant to the Federal Tort Claims Act, 28 USC §2671 et seq., which establishes, in relevant part, that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.";

5. Administrative prerequisites to the filing of this action, as established pursuant to 28 USC §2675 and elsewhere, have been satisfied;

6. This case is timely filed if filed with the Court;

7. Jurisdiction and venue in this case lie with the United States District Court within and for the District of New Mexico;

8. No jury is requested in this case, as trial by jury is not available pursuant to 28 USC §2402.

## **FACTS COMMON TO ALL COUNTS**

9.  On March 1, 2009, at approximately 3:00 p.m., Bureau of Prisons employee Luz Gonzales was operating a motor vehicle owned by the United States of America in the right lane of the highway.

10.  At this time, Mr. Medrano was driving his 1998 Ford pickup in the left lane of the highway to the left of Ms. Lujan-Gonzalez. Both vehicles were traveling at or below the posted speed limit, which was 75 mph.

11.  According to her statement given to a law enforcement officer as recorded in the police report, Ms. Lujan-Gonzalez did not see Mr. Medrano beside her and began to change from the right lane to the left.

12.  According to Mr. Medrano's statement to the officer, he saw Ms. Lujan-Gonzalez move into his lane and attempted to slow his vehicle in order to avoid a collision, but was unable to do so and Ms. Lujan-Gonzalez' vehicle hit his pickup. Ms. Lujan-Gonzalez did not activate her turn signal or signal her lane change in any manner. Mr. Medrano's pickup was heavily damaged in the collision and he was injured. The estimate for repair of Mr. Medrano's pickup truck is $3,078.74.

13.  The investigating police officer issued a citation for an unsafe lane change to Ms. Lujan-Gonzalez based upon her admission that she did not see Mr.

Medrano when she moved into his lane.  According to the officer's report, Ms. Lujan-Gonzalez agreed to pay the citation.

## CAUSE OF ACTION:  NEGLIGENCE

14. The foregoing paragraphs are herein incorporated by reference as if fully set forth;

15. The Defendant, through its employee, Luz Lujan-Gonzalez, owed a duty of ordinary care to José D. Medrano to protect him, as a foreseeable motorist using the public thoroughfares, from known dangers to his property, health and well-being resulting from the improper operation of a motor vehicle by an authorized agent of the government of the United States;

16. The Defendant, in allowing José D. Medrano to be exposed to a known danger, to wit:  the improper operation of a motor vehicle by Luz Lujan-Gonzalez, breached its duty of ordinary care and was negligent;

17. In addition and in the alternative, Luz Lujan-Gonzalez, while operating a motor vehicle owned and authorized by the Defendant, was negligent in the operation of said motor vehicle, and her negligence is attributable to the Defendant, who owned and authorized the use by Luz Lujan-Gonzalez, of said motor vehicle;

18. José D. Medrano, the Plaintiff, was harmed and injured, and has incurred damage to his property, loss of property, medical and related damages, past damages, ongoing damages, and expected future damages, as a direct and foreseeable result of the Defendant's negligence and the negligence of Luz Lujan-Gonzalez, for which he is entitled to recover in an action at law in an amount to be established at a trial on the merits of this case;

**WHEREFORE,** Plaintiff prays that the Court accept his Complaint and order trial on the merits hereof, and that after trial the Court order the award of compensatory damages and reasonable costs of this action, and for such other and further relief as may be just and equitable in the premises.

Respectfully Submitted:

By: *Electronically Filed*
_____
SANTIAGO E. JUÁREZ
Attorney for Plaintiff
1822 Lomas Boulevard, NW
Albuquerque, NM  87104
(505) 246-8499
(505) 246-8599 (Fax)
SJuarez@santiagojuarezlaw.com